07 CIV 8579

JUDGE SWEET

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FREEPORT MARINE SA,

                      Plaintiff,                           07 Civ. _____

   - against -                                   ECF CASE

S.A.P.I. DOMICILE a/k/a S.A.P.I. S.P.A. or SOCIETA
AZIONARIA PRODOTTI INDUSTRIALI SPA
or SOCIETA AZIONARIA PROD OT,

                      Defendant.
------------------------------------------------------------X

OCT 03 2007
U.S.D.C. S.D. N.Y.
CASHIERS

## VERIFIED COMPLAINT

Plaintiff, FREEPORT MARINE SA (hereinafter "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, S.A.P.I. DOMICILE a/k/a S.A.P.I. S.P.A. or SOCIETA AZIONARIA PRODOTTI INDUSTRIALI SPA or SOCIETA AZIONARIA PROD OT, (hereinafter "Defendant") alleges, upon information and belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

    2.    At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity organized and existing under the laws of Panama.

    3.    Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity organized and existing under foreign law with an address in Italy.

    4.    At all material times, Plaintiff was the Owner of the motor vessel "LIQUID CRYSTAL" (hereinafter the "Vessel").

    5.    By a charter party dated December 1, 2006, Plaintiff chartered the Vessel to Defendant for the carriage of cargo from Montevideo, Uruguay to Port Harcourt, Nigeria.

6. During the course of the charter, disputes arose between the parties regarding Defendant's failure to pay freight and/or demurrage due and owing under the charter party contract.

7. Subsequently, the parties negotiated a compromise settlement, providing that Defendant was to pay Plaintiff $32,000.00 in full and final settlement of the above claim on the condition that payment was received promptly.

8. As the settlement agreement was subject to a prompt payment and no prompt payment was received, the owners seek security for the full amount of their claim under the charter party.

9. Plaintiff did not waive its right to bring its claim under the charter party should Defendant fail to adhere to the terms of the settlement.

10. Plaintiff never received the amount provided for under the settlement agreement. Defendant did not adhere to the terms of the agreement, thus Plaintiff has reasserted it right to claim the full amount under the charter party.

11. As a result of Defendant's breach of charter party contract, Plaintiff has sustained damages in the principal amount of $40,758.65, exclusive of interest, arbitration costs and attorneys fees.

12. In the alternative, as a result of Defendant's breach of the settlement agreement, Plaintiff has sustained damages in the principal amount of $32,000.00, exclusive of interest, arbitration costs and attorneys fees.

13. Pursuant to the charter party, all disputes arising thereunder are to be submitted to arbitration in London with English Law to apply.

14. The settlement agreement did not include a jurisdictional clause.

15. Despite due demand Defendant has failed and/or refused to pay the amounts due and owing under the charter party and has failed to adhere to the terms of the settlement.

16. Thus, Plaintiff has commenced arbitration proceedings against Defendant on its claim(s).

17. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in proceedings subject to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts in the Final Arbitration Award(s):

| | | |
|---|---|---:|
| A. | Principal claim: | $40,758.65 |
| B. | Estimated interest on principal claim: 6.5% interest, compounded quarterly for two years | $5,609.98 |
| C. | Estimated recoverable attorneys' fees and arbitration costs: | $8,000.00 |
| **Total** | | **$54,368.63** |

18. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendant.

19. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

C. That pursuant to 9 U.S.C. §§ 201. *et seq.* this Court recognize and confirm any judgment rendered on the claims had herein as a Judgment of this Court;

D. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendant, in the amount $54,368.63 calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

E. That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court

F. That in the alternative and in the event that the court determines there is no claim under the charter party the court enter a judgment against the Defendant(s) on the parties' settlement agreement;

G. That this Court retain jurisdiction over this matter through the entry of any

4

judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

    H.    That this Court award Plaintiff its attorney's fees and costs of this action; and

    I.    That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: October 3, 2007
       New York, NY

The Plaintiff,
FREEPORT MARINE SA,

By: _____
Kevin J. Lennon
Nancy R. Peterson
Patrick F. Lennon
LENNON, MURPHY & LENNON, LLC
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 – phone
(212) 490-6070 – fax
kjl@lenmur.com
nrp@lenmur.com
pfl@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York   )
                    )   ss.:   New York
County of New York  )

1. My name is Kevin J. Lennon.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   October 3, 2007
         New York, NY

_____
Kevin J. Lennon